Eastern District of Kentucky
FILED
SEP 15 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**RONALD JOHNSON** )
)
**PLAINTIFF** )
) **Civil Action No. 5:25-CV-246-KKC**
**v.** )
)
**COVETRUS, INC., et al.** )
)
**DEFENDANT** )
)
)

**PLAINTIFF'S RESPONSE TO DEFENDANT COVETRUS, INC.'S ANSWER**

Plaintiff, Ronald Johnson, Pro Se, hereby responds to Defendant, Covetrus, Inc. et al.'s Answer to Plaintiff's Amended Complaint as follows:

**INTRODUCTION**

1. Plaintiff denies the Defendant's denial of unnumbered Paragraph 1 of the "introduction" section of the Amended Complaint. Plaintiff specifically alleges discrimination under Title VII of the Civil Rights Act of 1964 due to race and age under Age Discrimination in Employment Act (ADEA). Defendant's absolute denial of allegations is insufficient to refute Plaintiff's specific allegations of unlawful conduct.

2. Plaintiff denies the denial of Defendant's answer to unnumbered Paragraph 2 of the "Introduction" section of the Amended Complaint, to the extent Defendant denies Plaintiff's claims of discrimination based on race and age. Plaintiff asserts that Defendant discriminated against Plaintiff on the basis of race and age by denying a promotion because Plaintiff is African American and older than other applicants. The Plaintiff further asserts that such discrimination occurred in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). Plaintiff admits that Defendant has correctly admitted to Paragraph 2 of the Amended Complaint to the extent that Defendant admits that Plaintiff was employed by the company from October 2022 to December 2024. Plaintiff denies the denial of the Defendant having no knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 as they have access to demographics of managers at the company and access to the qualifications of employees to include resumes from when originally applied and hired.

3. Plaintiff denies the denial of Defendant's answer to the allegations contained in the Amended Complaint unnumbered Paragraph 3 of the "Introduction" section, specifically Plaintiff denies the denial of the Defendant making a blanket denial of any and all allegations to the extent they allege that Defendant subjected Plaintiff to any civil rights violations. Plaintiff's civil rights were violated as Plaintiff was discriminated against due to race and also due to age. Further, Plaintiff received several disciplinary actions from the Kossandra Happy after she acquired the position. Plaintiff admits that Defendant has correctly admitted to Paragraph 3 of the Amended Complaint to the extent that Defendant admits that Kassondra Happy was employed by Covetrus in the position of Outbound Manager for its Lexington facility in June 2024.
4&5: Plaintiff denies the denial of the defendant stating they don't have to respond. Under the Federal Rules of Civil Procedure. (FRCP), if defendant does not respond to jurisdiction and venue, court proceedings can take place as though jurisdiction and venue are proper.
6&7: Plaintiff denies the Denial of the Defendant, Headquarters of Covetrus is located in Ohio, the address is 400 Metro PI N, Dublin, Ohio.43017. 920 Citation BLVD, Lexington, Ky.40505. (DC34)
8-10: The plaintiff denies the denial of the Defendant, Human Rights Commission sent Covetrus legal representation notice and Plaintiff submitted Right to Sue letter to the courts and the document was forwarded to the Defendant on 7/16/2025. The Plaintiff received the right to sue letter on 6/26/25 as stated on the document.
11-15: The Plaintiff denies the denial of the Defendant that the Defendant did not violate the Plaintiff's Civil Rights. In paragraphs 1 through 5, the Defendant violated the Plaintiff's 1st Amendment of the Constitution; by issuing corrective action in the form of written disciplinary actions for simply speaking, Human Resources Manager Sarah Soares can provide their attorneys with this information. In the events that took place Mr. Johnson was the only employee written up because he was black, while none of the white employees that were also speaking were not. All the actions of Cossandra Happy were acts that violated Mr. Johnson's Civil Rights. The indifference in which Mr. Johnson was treated versus white employees is shown in the disciplinary actions Mr. Johnson faced.
17. The Plaintiff does not deny the letter of resignation, but denies that the letter of resignation was voluntary based on the actions of the defendant

WHEREFORE, having answered the Defendants denials, the Plaintiff respectfully ask that the courts:
1. Do not dismiss the Plaintiff's Complaints
2. Each and every prayer for relief in the Amended Complaint be granted.
3. Judgment be entered in Plaintiff favor as to all Counts.
4. No costs be awarded Defendant against the Plaintiff
5. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Ronald Johnson, PRO SE